Okay, our next case this morning is number 17-1039, MaxLinear, Inc. v. CF CRESPE LLC. May it please the Court. The original broad claim of this patent was for a digital channel filter in a multi-standard television receiver. The examiner located one of the many prior references that already showed this feature and rejected- I've got to say, I'm a bit confused here. The decision from the Board that's under review here rests entirely on its analysis of Claim 17, as I understand it. And Claim 17 has been held invalid by the Board in another decision that was affirmed by our Court. So there's a final judgment as to the unpatentability of Claim 17, correct? That's correct, Your Honor. Well, isn't that binding on us here? I mean, 17 is no longer an issue. It's an unpatentable claim. It's confusing for us as well. As far as we can sort it out, the only claims that are still alive are some of the dependent claims, which have not been mooted yet. And which were not the subject of any analysis by the Board in its decision, right? No, that's correct, Your Honor. They did not dive into the dependent claims. Their analysis entirely focused on the independent claim. Why should we bother analyzing whether Claim 17, which is gone, could be invalidated under some other theory? Why do we care? Because you can still reach and invalidate some of the dependent claims that are at issue because the only analysis was the analysis the Board provided for the independent claim. Well, that may be, but shouldn't we send it back then? I mean, surely you would agree that that's what we need to do, would be to send it back for an independent analysis of the dependent claims, an analysis which hasn't been conducted at all by the Board, right? The only dependent claims that you would need to send back would be Claims 6, 7, 20, and 21. And 20 perhaps not, depending upon what happens with the appeal that immediately follows. The other claims that are still alive, not already mooted, there is no argument made in the, before the Board for a separate basis for patentability of those claims. So they rise or fall with the analysis. The Board did address the dependent claims, correct? I'm sorry, Your Honor? It did address the dependent claims. We did, Your Honor, in our appeal. And we addressed them below as well. The Board did not discuss the dependent claims, right? Other than to say the dependent claim survives because Claim 17 survives. That's true for some of the claims. It's not true for Claims 6, 7, and 21. There was an independent argument made before the Board. No, not an argument. The Board didn't discuss the independent argument with respect to those claims, right? That's correct. And I believe for those claims, you would probably have to remand unless you resolve. We saw the issue for those claims as a claim construction issue. That's how it was presented to the Board. And on appeal, that's the course that the patent owner took as well. To defend those claims, 6, 7, and 21, they require a claim construction where you insert variable before intermediate frequency in those claims. A claim construction which has not been made by the Board, right? That's true, Your Honor. They did not. How would the Board decide any differently if we were to remand? Well, first of all, you'd be reversing the only basis that they expressed for allowing the dependent claims, 6, 7, and 21, to survive. So they would then have to go back and analyze whether or not there was any independent basis for validity, as previously argued, before the Board on those claims. You've been deprived of any analysis on it to that point. The only way you can avoid a remand, in our view, on those claims is if you tackle the claim construction issue in the first instance, decide that you don't insert variable into the claim, and on the analysis presented, it's clearly anticipated by the reference that we, the combination or obvious in view of the combination that we provided to the Board. Otherwise, I agree with you, Your Honor, it would have to go back for those three claims. Regarding the basis on which they did allow those claims to survive, it is directed to the independent claim, and if I may, I would express that the only difference between the alleged invention is the attachment of a plurality of demodulators. That was also a feature that was well-known in the art. It was applicant-admitted prior. That's only your point. That Claim 17 is gone. Why do we care whether it should have been invalidated on some additional basis than the one that the Board did invalidate it on? We care only to the extent that if you affirm that decision, Claims 6, 7, and 21 would still be alive because they have not been invalidated or canceled by the Board. So we need to address those claims to get a complete adjudication on the patent. There's a live controversy in district court in Delaware that's been stayed pending the outcome of these proceedings, and until we are told otherwise by the patent owner, those claims are still very much alive. We have many reasons why we would defend against those, ultimately, but right now they're before you, they have not been canceled, and we don't believe that they're valid because of an unpredictability argument that they've applied to Claim 1 here. So that's why we care, that's why we're here, and that's why we need a reversal of the Board's decision on this unpredictability analysis which we don't believe has any place in the patent. But you're saying, Mr. Schott, we don't need to consider 4, 6, through 9, and 20. The only ones that need to be considered are 6, 7, and 21. That's correct. Those are the only claims that are potentially remandable in view of the fact that there was no argument below by the patent owner on the other dependent claims that are still alive and not mooted by prior decisions of this court. Those being 4, 6, through 9, and 20. Correct, and 20 is an issue in the other appeal, so that may become moot. I believe that's the correct mapping, subject to correction by my colleague. Looking at the Board's decision on Appendix 32 at the bottom of the page, there the Board is referencing that independent claims 1 and 17 are, that there has not been a showing that they're unpenable, so they found them to be penable. And then it goes on and says, because each of the challenge dependent claims incorporate the limitations of the respective independent claims, we also conclude the petitioner is not shown by a preponderance of the evidence that those claims are unpenable. So hasn't the Board, can't I read that to show that the Board did, in fact, look at the underlying basis of penability for the dependent claims and has already made a decision? It says we incorporate the limitations with respect to the independent claims. So it's taken all the evidence with respect to the independent claims and says we're extending that, which it should have done, extending that to the dependent claims. Why would I need to remand in the face of that? Because the, well, you don't need to remand in the face of that for the issue on which they originally found the independent claims valid, which is the nut of the Board's decision, which was that the art is unpredictable. We think that finding was an error because there's nothing unpredictable about the art at the point of the combination. What the Board said was that the dependent claims survived because claim 17 is valid. And now claim 17 is not valid, it's gone. That's correct. But the way I read that analysis was, well, if claim 1 is valid, then claim, dependent claim X, therefore, must be valid because it adds more. I did not read that as saying there's some separate basis for the validity of that claim if we should be reversed by the Federal Circuit on claims 1 and 17. So I'm not reading that the same way that your Honor is. Okay. And because there was a separate argument made for the patentability of those particular claims below, I think in fairness, Pat and I would argue that they're entitled to a remand to consider that rather than a straight up reversal on those claims. On remand, wouldn't the Board just simply look back at what it viewed or what it looked at in this case with respect to the independent claims and says, we're now going to just extend that to the dependent claims? I just don't see that there's a lot for the Board to do here. It would, unless you reverse on the grounds that they held in the first instance in this case, which is this unpredictable in the art analysis, which we believe is deeply flawed, legally erroneous, and not supported by substantial evidence. If you take that away, the final written determination has no basis in it for sustaining the validity of those claims, and then you have to send it back for consideration. The case law requires... Well, quite apart from whether you're right about these independent arguments as to why Claim 17 is bad, Claim 17 has already been held to be unpatentable. So how can it be that the Board can rely on the validity of a claim which has been held to be invalid? That's an interesting question, Your Honor. I think what the Board would probably say is that because it's a dependent claim, it adds more. Therefore... It's got to be the more. In so far, it can't find non-obviousness from features of the independent claim which have been held insufficient to render them non-obvious. Yeah, it's confusing to... I'm sorry, Your Honor. No, no, I wasn't. It's confusing to us as well, but as long as the Board is holding that Claim 1 is patentable for this reason, and Claim 6, 7, and 21 depend from it, and there's no other determination that they're not patentable, we have a live issue on appeal with respect to the correctness of their determination on the Unpredictable Arts Doctrine applying in an electrical case for attaching demodulators to a known digital television receiver in a completely obvious way where if you credit the testimony of their expert, the patent isn't even enabled. I'm into my rebuttal time. If there's no more questions, I'll reserve the rest of my rebuttal time. You can reserve your rebuttal time. Mr. Smith? Thank you, Your Honors. You have a decision here which says the dependent claims survive because the independent claim has not been shown to be non-obvious, and yet by virtue of our affirming this other decision of the Board, Claim 17 has been invalidated. So don't we have to send this back to have them examine the dependent claims? I don't think so, Your Honor, because here we have a situation which is common in many even district court holdings where if you look at the patentability of the independent claim, if that was patentable, the court didn't have to then go through and say, well, all of these other claim dependent claims are patentable. Surely that's true, but that's exactly the point. Claim 17 is not patentable. It's been held by us not to be patentable. Right. But under the Board's determination, it looked at the references that the petitioner set forward and said, these are the references we're relying upon in order to find not just the independent claims to be invalid, but also the dependent claims. So those are the only pieces of prior art that they rest their reliance on. It didn't discuss the dependent claims. It just said because the independent claim is patentable, the dependent claims are patentable, right? Which makes sense, right? Of course. But now the independent claim is not patentable. Right. In a separate proceeding. But here the Board did what it was properly charged with doing, was looking at the prior art that was before it, and as a result of finding that the claims were patentable in light of that prior art. Are you suggesting they're not bound in this case by the determination of unpatentability in the other case? Not at all, Your Honor. Of course they're bound. Of course they're bound. The timing worked. I mean, sometimes this is odd in the sense that these decisions were all happening in parallel. So it wasn't as if this Court entered its ruling and the Board sort of went on and disregarded the Court's ruling. It was certainly appropriate at that point for the Board to do what it did because at that time it did not know what the result would be of the appeal with respect to the 728 IPR. That's exactly right. It didn't know at that point the Board doing what it did, but now we're in a different universe. We're in a different universe in the sense that one of the claims that was at issue in this appeal has already been found invalid. So we're not arguing on this appeal that the Court should change any of that analysis from that prior opinion. All we're saying is that the Board got it right here, and even if it was sent back down to the Board, there's no reason to suspect there'd be any different conclusion with regard to the dependent claims. How could you say that? I mean, it's been determined that the independent claim is invalid. On a remand, they'd have to assume that the independent claim is invalid, wouldn't they? I'm not sure, Your Honor, because they only have the prior. You're not sure that they aren't obligated to assume the invalidity of Claim 17? It's a race judicata. Right. What I'm saying is that they're looking at different prior art in this instance. So they'd have to say that, yes, this Court has found that Claim 17 is invalid, so they can't ignore that. What I'm saying is that they're now looking at different prior art as to how that prior art applies to the claims that have been challenged in this particular proceeding. Right. They'd have to look at the dependent claims to see whether the prior art that was cited in this proceeding renders those claims patentable or unpatentable on the assumption that the independent claim falls. And based on the Board's decision here, it would come to the same conclusion because it's already found that the prior art that was relied upon wouldn't be combined, so you would never get to... No, no, no. What it's decided is that it wouldn't be combined, and that's wrong because we've decided that the claims are invalid. So they can't rely on that aspect of their earlier decision. They have to look at the art in the light of the additional elements added by the dependent claims to figure out whether the dependent claims survive, no? I think that would be a different petition, Your Honor, because then they would be bringing in arguments from another case, saying you have to look at art that wasn't before the Board and say that art now invalidates the claim and now look with that art and combine... No, I think you're misunderstanding me. I'm not suggesting that the Board on the remand would have to look at other prior art. They just can't say, well, the dependent claim survived because the independent claim is patentable, because the independent claim is no longer patentable.  What I'm saying, Your Honor, is that the only prior art that the Board would be allowed to look at is what was put before it by the petitioner here. Sure, sure. That would be true with respect to the dependent claims, no question about it. It can't just reason, okay, we've held that the independent claim is valid, so we don't have to do any analysis for the dependent claims. What I'm saying, Your Honor, is that the Board's decision that you wouldn't combine these references and that this art is unpredictable would apply to all the dependent claims as well. It's already found that you wouldn't combine these for purposes of obviousness, so the scrapped the entire analysis and start from square one, which I don't think would be appropriate. I think the Board has already found that looking at the references that were put forward in this particular petition, those references don't work together, and if they don't work I'm familiar with cases from our court like Ohio Willow, which say that in the subsequent proceeding, if a claim has been invalidated, you have to do the analysis on the assumption that the claim is invalid and reason from there. Yes, Your Honor. Why wouldn't that be true here? I think it could be true, but they'd still be looking at the same prior references that they already considered. Well, sure, but they couldn't very well say that the same thing that they said before, that the dependent claims survived because the independent claims survived. But they could still say, as they clearly articulated in their holding, that you wouldn't have combined these references to begin with, and so if you wouldn't have combined these references to begin with because the art is unpredictable, then there wouldn't be any different result if you then look at the dependent claims. So, looking at the Board's finding with regard to the issue that was placed on appeal, which was focused primarily on the issue of whether or not the Board's finding was appropriate and was supported by substantial evidence, here there's ample evidence that the Board's decision was supported by substantial evidence.  It looks at detailed factual analysis. It looks at credibility of specific witnesses, and in each of those particular situations, it came to the conclusion that the petitioner failed to put forward prior art that could show that these claims are obvious. In this situation, Max Linear relied on a very complicated rearrangement of the prior art. It was a situation where they didn't rely on the preferred embodiment of the van der Plaats reference. Instead, they took an alternative embodiment of that reference that only mentioned in passing in two sentences and without any reference to any figures that you could make a change to the preferred embodiment. Here, Max Linear proposed essentially moving what are called the synchronous demodulators from before the digital filters to after the digital filters, but didn't explain what you would need to do after that. What VDP or van der Plaats indicates is that in this situation, it actually causes a problem, and the problem is that you now no longer have a situation where you have a synchronous demodulator. Now, you would have to do something different than what's described in van der Plaats in order to make it work. What Max Linear did is that then said, well, we're going to combine van der Plaats with another reference, and we're going to try to say that those two references could be used together. As our expert explained and as the board ultimately found, you wouldn't combine these two references because in this situation, you have where one reference is telling you that if you make this combination, you no longer have a synchronous demodulator. And Max Linear is saying we should still combine it with a synchronous demodulator. Those two don't work. And as our expert explained, that would be teaching away from actually the combination as opposed to recommending that that combination should take place. And so this complicated arrangement made it more difficult for Max Linear to make its argument that this obviousness combination should work. And then on top of that, there was ample evidence that this art is unpredictable. And the unpredictability came not just from our expert indicating it's unpredictable, but it also came from their own attorneys admitting that the art is unpredictable, as well as hearing it from their own expert describing how hard this particular art is. The combination of the complications in the art as well as the fact that the unpredictability of the art provided substantial evidence for the board's finding that you were patentable as they were. In this situation, based on the appeal Max Linear set forth, they seem to be asking this court to reweigh the evidence and make an independent analysis as to whether or not these references should have been combined. This court shouldn't be making that type of determination and should be looking just instead as to the board's finding. Was it based on substantial evidence? Here, the substantial evidence goes not only to the substance of the references that were asked to be disclosed and the combination of those references, but also goes to the fact that the board made explicit findings as to credibility of the experts in their determination that this art is unpredictable and therefore would weigh against trying to In the briefing, Max Linear has argued that somehow the board confused the notion between the skill of the art and the unpredictability in the art. But if you look at the court's findings, it's pretty clear that the board made a separate determination as to what the level of skill in the art, which was admittedly high, and also separately looked at whether or not this would be a predictable art to be in and determined that separate and apart from it. In fact, the board during the trial on this particular issue asked directly to Max Linear's counsel, we have this issue directly in front of us as to the predictability of this art. What do you say to it? And they responded, it's an unpredictable art, and then went on to try to explain why it's unpredictable. The board was well within its right looking at the record here and looking at the prior references that were put together to find that in this instance, the petitioner failed to meet its burden. And therefore, the claims that were challenged were patentable. Thank you, Your Honors. That is claim 17. That was the representative claim, Your Honor. That's correct. Which has now been held invalid. That's correct, Your Honor. OK. Thank you, Mr. Smith. Mr. Sciotti, you have. May it please the court. My colleague is simply incorrect. The art, in fact, between the two petitions are extraordinarily similar. Our combination was a plurality of demodulators with Van de Plasche. In the prior RPR, the Thompson reference was the base reference. Van de Plasche explicitly references and is an improvement on and contains more detail than Thompson. Everything that's in Thompson is in Van de Plasche already. I don't think it's reasonable to say that the board would just come back to the same conclusion with the knowledge now that those claims are invalid over Thompson. The arguments on level of skill, I'm the one that made the argument to the board. I find it ironic that he would be quoting that back to you because the explanation to the board was the level of skill in the art is high because it's a difficult, complex, and at times unpredictable art. But the testimony of the experts and our position was consistent. There was no difficulty in adding demodulators to the back end of the receiver. The complexity is in the RF portion of the art, but that's not where the difference between the invention and the prior art lay. It lay in attaching a plurality of demodulators, which their experts said is inherent in the receiver. You can't have a working television receiver without a demodulator or any other receiver for that matter. I would refer you to the... Both experts were consistent on this point. At the point of the departure from the art, it was utterly predictable. That's Hashemi's declaration at Appendix 892, his cross-examination at 4455 through 59, especially 4457 at lines 18 to 22, 4462 to 66. The OPRAS testimony at Appendix 3287 to 88, 3366, 3371 to 72, and 3501 to 02 specifically testified demodulation is inherent in the receiver art. That was OPRAS at 3287 to 88. That's in our brief at page 29. So the level of skill in the art cuts against them, not for them. Because the level of skill in the art is high and because the 585 patent is written at an extraordinarily low level, all it says about how you attach the demodulators is that they be coupled to the receiver. That's it. There's nothing else in the specification about how to do it. If you credit the board's position, the patent is just not enabled. I think it definitely gets a different result if it goes back, and it should be... Their opinion on unpredictability should be vacated and remanded for further consideration in light of the court's prior ruling. Thank you very much, unless there are any other questions. Okay. Thank you, Mr. Shaw. I thank both counsel. The case is submitted.